## BROWN and others *vs.* H. & W. DELAFIELD.

In assumpsit against several defendants, it is no answer to a plea of the statute of limitations, that one of them, within six years from the accruing of the cause of action, departed from this state and continued absent until the commencement of the suit. All the persons liable upon a joint contract must depart from the state in order to arrest the running of the statute against the demand.

The rule is different in actions for torts: there the cause of action being several, the plaintiff can avail himself of the saving provision, against any party who has resided out of the state during the period of limitation. *Per* BEARDSLEY, J.

DEMURRER to replication. The declaration was in *assumpsit*, to which the defendants pleaded the statute of limitations, in both forms. Replication, " that Henry Delafield, one of the defendants, departed from and resided and was absent out of the state of New-York before the expiration of six years from the time the cause of action in this cause accrued, to wit," &c. "and continued so absent until the time of the commencement of this suit." Demurrer and joinder.

*D. Lord, jun.*, for the defendants. The question is whether the departure of one of several joint debtors from the state will suspend the running of the statute of limitations, pursuant to the exception of § 27 of the statute. (2 *R. S.* 297.) In the "act concerning the revised statutes," (*id.* 778, § 11,) it is declared that where the singular number is used in referring to persons, several individuals shall be deemed to be included. It is therefore insisted, that when it is said in § 27, before referred to, " If at the time when any cause of action" &c. " shall accrue against any *person, he* shall be out of this state," &c. the case of several persons jointly liable is provided for, and that the construction should be the same as though the statute had read according to the former phraseology, " person or persons, he or they," &c.

While one of the debtors remains in the state, they may all

be sued according to the provisions respecting joint debtors. (2 *R. S.* 377, § 1.)

By the opposite construction, the exception in the statute will be extended beyond its terms and obvious policy, for the defendant who remains in the state will be held in a case not within the letter or the theory of the provision.

*Wm. Silliman,* for the plaintiffs. The plaintiffs certainly have a good cause of action against Henry Delafield, as it is not denied that he departed from and resided out of the state, &c. It is well settled that a promise by one of several joint debtors, after the statute has run, revives the debt against all : *a fortiori* where the original promise of one of the debtors is unimpaired by the statute of limitations, the debt is not barred. It is not a sufficient answer to say that the debtor who remained in the state might have been prosecuted under the act relating to joint debtors, for in all cases the statute may be prevented from attaching, by the issuing and return of process. The absent debtor may have taken with him all the joint effects, and the one remaining may be hopelessly insolvent. The law will not compel the creditor to resort to a useless proceeding. In *Perry* v. *Jackson,* (4 *T. R.* 516,) it was held under the statute 21 *Jac.* 1, § 16, that the absence of one of several *creditors* from the realm at the time the cause of action accrued, did not prevent the statute from running

*By the Court,* BEARDSLEY, J. It seems to me quite clear, that the statute under which it is attempted to support this replication, does not apply to such a case. (2 *R. S.* 297, § 27.) Here was a joint cause of action on contract against two persons, one of whom departed from the state within the period of limitation, but the other continued to reside within it. Such a case is not within the terms of the section. The words are, "if at the time when any cause of action specified in this article shall accrue against any *person,* *he* shall be out of the state, such action may be commenced within the terms herein respec-

Brown *v.* Delafield.

tively limited after the return of such person into this state; and if after such cause of action shall have accrued, such *person* shall depart from and reside out of the state, the time of his absence 'shall not be deemed or taken as any part of the time limited," &c. This language plainly refers to a cause of action existing against one person alone, and not where it exists against several persons jointly. But by the "act concerning the revised statutes," (*id.* 778, § 11,) the word *person*, as here used, is declared to mean *persons;* so that whenever a cause of action accrues against several persons who are absent from the state, or depart therefrom, the period of their absence shall not be deemed any part of the time limited for the commencement of a suit founded on such cause of action. This, however, is not a cause of action against one person alone, who had been out of the state, nor is it a cause of action against several, *all of whom* have been so absent; it is therefore not within the terms of the statute. (*Perry* v. *Jackson*, 4 *Durn. & East*, 516.)

Nor is it within its spirit. Here one of the defendants remained within the state, and both might at any time have been sued under the act relating to proceedings against joint debtors, and the plaintiff would thus have had judgment against both. On the return of the absent defendant, an action of debt might have been brought against him and his co-defendant therein, or, the judgment so recovered. (*Id.* 377, §§ 1 *to* 5; *Mervin* v. *Kumbel*, 23 *Wend.* 295.) In such case the resident defendant could not have pleaded the statute of limitations, and should the one who had been absent interpose that defence, a replication like the one before the court would furnish a sufficient answer to it. All causes of action founded on contract, where a *part only* of the parties liable are out of the state, were thus fully provided for before this section was enacted, and no necessity exists for giving it the construction upon which this replication proceeds, and which would be plainly against the words used.

Actions founded on torts stand on other grounds. Torts are joint and several. A resident defendant who is liable on such a cause of action may be sued alone, although another person

who is out of the state, might be joined with him in the same action. But such absent person will not escape, for on his return he also may be sued, and the statute of limitations will furnish no defence, as the fact of his absence may be set up in answer to such a plea.

This replication is bad, and the defendants are entitled to judgment, but with leave to amend on the usual terms.

Judgment for defendants.