JAMES M. BRUCE AND JOHN BRUCE *vs.* WILLIAM FLAGG AND HENRY M. PRICE.

The nonresidence of one of two joint debtors, the other residing within this state, does not fall within the provision of the eighth section of the statute of limitations (*Rev. Stat.* 94), so as to take the debt out of the operation of the statute.

This action was brought against William Flagg and Henry M. Price, upon several promissory notes, made by the defendants, and one James Price, since deceased, in their partnership name of Price, Flagg & Co. Henry M. Price suffered judgment by default. Flagg, the other defendant, pleaded the statute of limitations.

To this plea the plaintiffs filed the following replication:

And the plaintiffs, as to the plea of the said defendant, secondly above pleaded, say they ought not to be barred

from having and maintaining their aforesaid action thereof against him, because, they say, that he, at the time when the said several causes of action in the declaration mentioned, and each and every of them, accrued to the plaintiffs, and until, as hereinafter set forth, was and continued to be a resident of this state, to wit, at New Brunswick aforesaid; and that he, after the time when the said several causes of action, and each and every of them, so accrued as aforesaid, and before the expiration of six years next from and after the time when the said several causes of action, or any or either of them, so accrued as aforesaid, to wit, on the first day of January, in the year one thousand eight hundred and forty-four, removed from this state, to wit, at New Brunswick aforesaid, and that he did not at any time next from and after the time when he so removed from this state as aforesaid, until as herein after set forth, reside in this state; and that he, after he so removed from this state as aforesaid, to wit, on the first day of January, in in the year one thousand eight hundred and fifty-two, became, and thenceforth until the commencement of this suit, was a resident in this state, to wit, at New Brunswick aforesaid.

And the plaintiffs further say, that the said suit was commenced before the expiration of six years next from and after the time when the said several causes of action, or any or either of them, so accrued as aforesaid, exclusive of the said time during which he was not a resident in this state as aforesaid, to wit, at New Brunswick aforesaid; and this they are ready to verify; wherefore they pray judg- ment, and their damages by them sustained on occasion of the nonperformance of the said several promises and under- takings in the declaration mentioned, to be adjudged to them, &c.

The defendant rejoined, as follows:

And the said William Flagg, as to the said replication of the said plaintiffs to the said second plea of him, the

said William Flagg, saith, that the said plaintiffs ought not, by reason of anything by them in that replication alleged, to have or maintain their aforesaid action thereof against him, because, he says, that at the said time when he, the said William Flagg removed from the state of New Jersey, as in the said replication is mentioned, he removed to the city of New York, in the state of New York, where he, as well as the said plaintiffs, continued to reside until the said time when he, the said William Flagg, removed back into the state of New Jersey, as in the said replication is mentioned.

And the said William Flagg further saith, that the said several promises and undertakings in the said declaration mentioned were made to the said plaintiffs by the said William Flagg, James Price, and Henry M. Price jointly, and not severally; and the said several causes of action which thereon arose, and mentioned in the said declaration, accrued to the said plaintiffs against the said William Flagg, James Price, and Henry M. Price jointly, and not severally, to wit, at New Brunswick aforesaid, in the state aforesaid; and that at the said times when the said several causes of action in the declaration mentioned accrued the said William Flagg, James Price, and Henry M. Price resided in the state of New Jersey, to wit, at New Brunswick aforesaid; and the said James Price and Henry M. Price continued to reside in the state of New Jersey, to wit, at New Brunswick aforesaid, from the said times the said several causes of action accrued, until the first day of May, in the year eighteen hundred and forty-five, when the said James Price there died; and that the said Henry M. Price survived the said James Price, and continued to reside in the state of New Jersey, to wit, at New Brunswick aforesaid, from the said times when the said several causes of action accrued, until and at the time of the commencement of this suit, and this the said William Flagg is ready to verify; wherefore he prays judgment if the

said plaintiffs ought to have or maintain their aforesaid action thereof against him, &c.

To this rejoinder there was a general demurrer and joinder.

The cause was argued at June term, 1855, before the CHIEF JUSTICE, and ELMER, POTTS, and VREDENBURGH, Justices.

*A. C. M. Pennington*, for plaintiffs, in support of the demurrer, cited *Rev. Stat.* 92, § 1; 94, § 8; *Story's Conf. of Laws*, 991, § 599 *b;* 2 *Rev. Stat. of New York* 395, § 27; *Mervin* v. *Kumbel*, 23 *Wend.* 293; *Borden* v. *Fitch*, 15 *Johns. R.* 121.

*H. V. Speer*, for defendant, contra.

The contract being joint, the suit must be against the defendants jointly. If the plea is good as to one, it is good as to both defendants.

The policy of the statute was to save the remedy where the plaintiff was unable to bring suit. The reason of the law does not apply where only one of two or more joint debtors is absent, for there the plaintiff is not disabled to sue. The mischief intended to be remedied by the eighth section of the act was the inability of the plaintiff to sue by reason of defendant's absence, not his inability to recover the debt.

The statute of limitations is a beneficial statute, and must be liberally construed The plaintiffs must bring their case strictly within the letter of the exception. The case presented by the pleadings is neither within the words nor the spirit of the act. He cited *Rev. Stat.* 802, § 3; *Perry* v. *Jackson*, 4 *Term R.* 516; *Brown* v. *Delafield*, 1 *Denio* 445; *Marsteller* v. *McClean*, 7 *Cranch* 156.

The plea of the statute of limitations is not personal. If good as to one of several defendants, it is good as to all. It operates upon the right of action.

The CHIEF JUSTICE delivered the opinion of the court. The suit is upon a joint contract, made in this state, parties then resident here. The cause of action arose more than six years before the commencement of the suit. Price, one of the defendants, has always since the making of the contract resided within the state. He has suffered judgment by default. Flagg, the other defendant, after the cause of action accrued, removed from the state before the time of limitation expired. Deducting the period during which he was not resident in the state from the time which elapsed after the action accrued, the suit was commenced within the period prescribed by the statute. He has pleaded the statute of limitations.

The only question presented by the pleadings is, whether the nonresidence of one of two joint debtors, the other residing within this state, falls within the exception contained in the eighth section of the statute of limitations, so as to take the case out of the statute. (*Rev. Stat.* 94). It is clearly immaterial by which of the defendants the statute is pleaded. If the action is barred by operation of the statute, either defendant may avail himself of the defence.

The case presented is not within the letter of the statute, giving to the language used its fair and reasonable import. The phrase "person or persons," in the first clause of the section is used in the same sense as in the second clause of the section in reference to those having the cause of action. Its obvious import is, that if the person against whom there is any specified cause of action shall be nonresident, &c., or if the persons against whom jointly there is any specified cause of action shall be nonresident, the statute shall not operate. To extend its operation to the case of any one of several persons against whom there is a joint cause of action, would be inconsistent with the fair import of the terms. If such were the meaning of the legislature, the word persons, in

the sentence, is entirely superfluous; for then each and every person absent from the state, whether one or many, might avail himself of the defence.

Nor is the exception contended for within the spirit of the act. The design of the eighth section was to exempt from the operation of the statute, so long as the disability continued, those cases where no action could be brought by reason of the nonresidence of the party against whom the cause of action existed. But there is no disability to sue while one of several joint debtors is within the reach of process. (*Rev. Stat.* 802, § 3). The plaintiffs might, at their pleasure, have instituted a suit against all the defendants, recovered judgment, and thus prevented the operation of the statute.

That the judgment would have been unavailing in another state against the nonresident defendants who had not been served with process, is no answer. The judgment thus recovered would clearly have been sufficient, at least within this state, to preserve the vitality of the cause of action and to prevent the bar of the statute.

Nor would it alter the case if the defendant, who continued to reside in this state, were insolvent, and that fact appeared upon the pleadings. The disability provided for by the eighth section of the statute is disability *to sue*, not disability *to recover the debt.* The insolvency of the defendant is no answer to a plea of the statute of limitations. *Scott v. Stackhouse,* 1 *Halst.* 431. A case of bankruptcy may present a different question, as by the terms of the act the bankrupt is discharged from the debt.

Upon authority, as well as upon principle, the case presented by the pleadings is not an exception contemplated by the act. *Brown* v. *Delafield,* 1 *Denio* 445 ; *Perry* v. *Jackson,* 4 *Durn. & E.* 516.

The demurrer must be overruled.