## DENNY *v.* SMITH & HULL.

The absence of one joint debtor from this State suspends the running of the statute of limitations against him, although his co-debtor has remained within the State. The case of *Brown* v. *Delafield* (1 *Denio*, 445), *overruled.*

ACTION commenced in September, 1851, against the defendants as joint makers of a promissory note for $337.50, which became payable January 14, 1842. Smith alone was served with the complaint. The complaint alleges that the defendants were residents of this State at the making of the note, and that Smith departed from this State about the year 1842, and has resided out of the State more than six years.

Smith answers that though he departed from the State, as alleged, he returned more than six years before the commencement of the action, and that Hull has been a resident of the State more than six years immediately preceding the commencement of the action.

Reply, that if Smith returned as stated, which the plaintiff denies, it was in a private and stealthy manner, and that the plaintiff could not with due diligence have known or ascertained the same.

The case was tried before Mr. Justice ROOSEVELT, when the plaintiff, after proving the note, offered in evidence the discharge of the defendant Hull from his debts, under the late bankrupt act of the United States, granted after the

making of the note sued on, and the same was admitted in evidence against the objection of the defendant Smith, who excepted. Smith moved for a nonsuit, which was denied, and finally the judge directed a verdict for the plaintiff, subject to the exceptions, to be heard at a general term, which was given accordingly, and Smith again excepted.

On the hearing of the exceptions at the general term judgment was given for the defendant Smith. The plaintiff appealed.

*James C. Carter*, for the appellant.

*John E. Develin*, for the respondent.

ALLEN, J. It stands admitted by the pleadings in this action, that while the defendant Hull was always a resident of the State, the defendant Smith, after the making of the joint note, departed from and resided out of the State for so long a period that his liability still survives.

The court on the trial denied the motion for nonsuit, on the ground that it was no defence for the defendant Smith, in answer to an allegation that he had resided out of the State so long that his liability on the note was not barred by the statute of limitations, to allege and prove that his codefendant had remained within the State.

By the provisions of the Revised Statutes, which are to govern this case (2 *R. S.*, 297, § 27), an exception is made in relation to the case of absent or non-resident debtors, as follows :

"If at the time when any cause of action, specified in this article, shall accrue against *any person*, he shall be out of the State." And if, "after such cause of action shall have accrued, such *person* shall depart from and reside out of this State, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action." It is insisted that the word "person,"

Denny *v.* Smith.

as here used, shall be deemed to include " persons," so that the statute should read, " person or *persons*" (2 *R. S.*, 778, § 11), and that, therefore, in the case of joint debtors, both must reside out of the State the length of time required to avoid the statute. It is true that, in the case of *Brown* v. *Delafield* (1 *Denio*, 445), the Supreme Court so held, and upon the ground that, as one of the defendants continued to reside within the State, both might have been sued at any time under the act relating to proceedings against joint debtors, and the plaintiff would thus have had judgment against both. That, on the return of the absent defendant, an action of debt might have been brought against him and his co-defendant, on the judgment; and if he should plead the statute, a replication would be good, that he had been out of the State. The learned judge who delivered the opinion of the court in that case cites *Mervin* v. *Kumbell* (23 *Wend.*, 295) in support of the position. But, so far as I understand that case, it goes no further than to decide that the judgment above, as against the defendant not served with process, only proved that the plaintiff was entitled to an execution against the partnership or joint property of both defendants, and might affect the extent of the recovery in a second action; and as to any further or different liability, that the judgment proves nothing whatever. This case has undergone review in *Bruen* v. *Bokee* (4 *Denio*, 56), and in *Oakley* v. *Aspinwall* (4 *Comst.*, 514), where the majority of the judges almost came to the conclusion that no action can be maintained on such a judgment against the absent debtor. At all events, the judges who delivered opinions all remark, emphatically, that the record is in such case no evidence in an action against a party who was not served with process, and who did not appear in the suit, "of anything tending to render him responsible under such judgment, or in any way to affect him by it." A defendant, under such circumstances, may interpose any defence which he might offer, were the action brought on the contract instead of the judg-

ment. This would, of course, include the statute of limitations. (*Carman* v. *Townsend*, 6 *Wend.*, 206; 23 *Wend.*, 293; 4 *Denio*, 56; *Vandenburgh* v. *Moore*, 3 *How. Pr. R.*, 316; 4 *Comst.*, 514.)

If the statute is not suspended as to either of two joint debtors, while one of them continues to reside within the State, then a replication to an answer of the statute, by the non-resident debtor, of such non-residence, would be bad; but the courts have decided the law to be otherwise, and that one joint debtor cannot, even by a promise, revive or keep a debt alive as to his co-debtor. (1 *Kern.*, 176.)

I think it was the manifest intention of the legislature to subject every debtor, during a period of six years after the accruing of a debt, to the reach of civil process, at the suit of his debtor. Such has been the recent decision of the Court of Queen's Bench in England, in the case of *Fannin* v *Anderson*, 7 *Q. B.*, 811 (53 *Eng. Com. Law R.*, 821), and such was the construction arrived at by the chancellor, in the case of *Didier* v. *Davison* (2 *Barb. Ch.*, 477, 487), where the point was directly before him, and where he decided that the return of one of two joint debtors into the State, after the right of action had accrued against both, did not bar the right of action against the survivor who does not come within the State until within six years of the time when the suit was brought against him. He well remarked that to have brought a suit in that case against the debtor first coming into the State, who had no property, either of his own or of the firm, would have been perfectly useless, and he cited with approbation the case of *Fannin* v. *Anderson*, then recently decided, as containing the true and reasonable construction to be given to our statute.

The resident debtor, as remarked, might be insolvent, and the plaintiff obtain nothing, or he might be residing in the State without the knowledge of the creditor, or he might be discharged by proceedings in insolvency or bankruptcy, as

in the present case, and the plaintiff be unable to obtain a judgment against him.

I think the judgment should be reversed, and judgment rendered for plaintiff, for the amount of the note, with costs.

DENIO, J. (Dissenting.) It is conceded that the effect of the pleadings is to admit that if Smith had been a sole maker of the note, the plaintiff would have had a good answer to the statute of limitations, on account of his departure from and absence out of the State, and that Hull if he had been a sole maker, would have had a good defence under the statute, as it did not appear that he had resided out of the State at all. The question, therefore, is, whether the exception, in the statute of limitations, to the effect that if after a cause of action shall have accrued against any person, "such *person* shall depart from and reside out of the State, the time of absence shall not be deemed or taken as any part of the time limited," &c., applies to this case. The precise question was decided against the plaintiff by the late Supreme Court, in *Brown* v. *Delafield* (1 *Denio*, 445). It was there held, that all the persons liable upon a joint contract must depart from the State in order to arrest the running of the statute against the demand.

I have considered with care the ingenious criticism of the plaintiff's counsel upon that case, and have examined the two cases where a different rule, under the exception in the English statute (4 *Anne*, *ch.* 16, § 19), has been established in the courts of that country. (*Fannin* v. *Anderson*, 7 *Q B.*, 811 ; *Townes* v. *Mead*, 29 *Eng. Law & Eq.*, 271.) In a case of admitted doubt, we ought, of course, to follow the judgments of our own courts in preference to cotemporary English decisions, if there were no distinction in the cases. But in England, they have no statute corresponding with our act allowing the creditor to sue and recover a judgment against joint debtors where any of them can be served with

process. Here, such a judgment may be obtained; and although it would not relieve the plaintiff from proving the liability of the defendant who had not been found, when he came to sue him on the judgment, it would prevent the statute from attaching if the demand was not barred when the first action was commenced. Besides, there was a doubt upon the statute of *Anne,* whether it did not read that if. the debtors, "or any of them," should be beyond the seas, &c., the creditor might sue them after their return. Mr. Justice MAULE, in the Common Pleas, thought it quite manifest that these words applied to the debtors; while the Chief Justice of the Queen's Bench, in his opinion in the other case, considered that they applied to the enumeration of actions. If the former were the true reading, there was, of course, no question in the case. Our statute contains no such language. These distinctions would cause me to hesitate in following the English cases, if the point had not been before the courts of this State; but when we find it adjudged by our highest court of original jurisdiction several years ago, and that judgment apparently acquiesced in to this time, I think we are not authorized to change the rule thus established.

The discharge of Hull in bankruptcy should not have been received; and though admitted in evidence, it cannot be taken into consideration. (*Brazill* v. *Isham,* 2 *Kern.,* 9.)

The question arose upon the admissions in the pleadings, and the case could not be changed if there should be another trial. I am obliged, therefore, to dissent from the conclu sion to which the court has arrived.

GROVER, J., also dissented.

Judgment reversed.