## CASWELL VS. ENGELMANN.

*Joint Promisors — Statute of limitations affecting one—Whether he must be joined as defendant.*

1. The absence from the state of *one only of several joint debtors* suspends the running of the statute of limitations as against *him.*
2. In an action against A alone, on the joint contract of A and B, the com plaint stated facts showing that the statute of limitations had run on the contract, in favor of B. On demurrer for the non-joinder of B *held,* that under our statutes (R. S., ch. 138, secs. 39, 40), plaintiff was not bound to make B a party.

APPEAL from the Circuit Court for *Milwaukee* County.

Action upon a promissory note, against one of the makers alone. The complaint alleges that in September, 1865, the defendant and one McVickar, being partners in trade, made and delivered to plaintiff their partnership note for $143.63, payable three months after date; that the defendant, before the maturity of the note, removed to the state of Michigan, and resided there continually until 1868, when he returned to and now resides in this state; that the plaintiff and McVickar have all the time resided in this state; and that the cause of action against McVickar on said note is barred by the statute of limitations; and asks judgment against the defendant for the balance alleged to be due.

The defendant demurred to the complaint for insufficiency, and for the nonjoinder of McVickar as a defendant. The court overruled the demurrer, and rendered judgment for the plaintiff for the amount claimed; and the defendant appealed.

*Finches, Lynde & Miller,* for appellant:

At common law all the partners must be joined ·in a suit upon a partnership debt (1 Peters, 317); and the reasons for the rule still exist. If the plaintiff can anticipate a defense as to one partner, and set it up as an excuse for not joining him in the suit, he may thereby deprive the others of their rights to a set off, to contribution, and to have the copartnership property first taken to pay the debt. He cannot thus excuse the nonjoinder of a copartner. *Bovill v. Wood*, 2 Maule & Sel., 23; *Wainsley v. Lindenberger & Co.*, 2 Rand., 478; *Slocum v. Hooker*, 13 Barb., 536; *Hyde v. Van Valkenburgh*, 1 Daly, 418; 4 Wis., 251, 252. 2. The common law rule has not been changed by sec. 39, chap. 138, R. S., so as to allow him to set up the statute of limitations as an excuse for such nonjoinder. The object of that statute was to enable the plaintiff to take judgment against any one of several joint debtors, who had revived a debt, otherwise barred, by a new acknowledgment, promise or otherwise. The reason for its enactment was the doubt as to the judgment the plaintiff would be entitled to in case one of joint debtors, in a suit against all, established the statute of limitations as a defense personal to himself. 1 Saunders, 207 and note; 3 Robinson Prac., 116–119; 11 Minn., 138. Under that statute, before the plaintiff can recover, it must appear, on the trial or otherwise, first, that the claim is barred as to one or more of the defendants; and second, that some one or more of them has, "by virtue of a new promise, acknowledgment or otherwise,' revived the debt as to himself. It contemplates the trial of an issue of fact, made up by the pleadings and testimony. 3. If the plaintiff may plead the statute of limitations for a co-contractor, not a party to the suit, he ought to aver all the facts necessary to make it a bar, as that he has not, by payment, promise, or otherwise, revived the debt as to himself. 1 Daly, 419. 4. The complaint does not state a cause of action against *Engelmann*. His absence from the state does not take the joint debt out of the statute so that a suit can be maintained on it against him alone. Sec. 28,

chap. 138, R. S., uses only the singular number, and applies primarily to cases where the cause of action is against a single debtor, and he has resided out of the state, or has left it before the maturity of the debt; but, if applied to a case where the cause of action is against two or more persons, it must be construed as requiring that they all of them shall have resided out of or left the state. *Brown v. Delafield*, 1 Denio, 445. 5. The plea of the statute of limitations is privileged, and is personal to the party, and he may waive it, and he has a right to be heard and to defend. If this defendant is compelled to pay the judgment, his codebtor will be liable for contribution. *Pearlee v. Breed*, 10 N. Y., 489 ; *Odell v. Dana*, 33 Me., 186.

*E. Mariner* and *S. M. Dixon*, for respondent:

The provisions of secs. 39 and 40, chap. 138, R. S., are a part of the code so far as cases coming within the purview of that chapter are involved. The demurrer of the defendant in this case is practically a verified answer, within the reason of sec. 40, inasmuch as it adopts the facts stated in the verified complaint, and the plaintiff is entitled to judgment the same as if they had been pleaded by answer. To require the defendant to repeat in his answer facts stated in the complaint which he is willing to admit, and then insist that they constitute no cause of action against him, would be unphilosophical. *Howell v. Howell*, 15 Wis., 55. 2. Our statute making service upon any joint debtor sufficient to sustain a judgment against all, to be enforced against their joint property, or the several property of the defendant served, renders the joinder of the others unimportant. The plea of the statute of limitations is personal for each debtor. 18 N. Y., 567; 53 Eng. C. L., 810. 3. If the plaintiff had joined McVickar in the action, he would have been subjected to costs on the latter's pleading the statute. Laws of 1863, ch. 16. 4. The cases declaring a nonjoinder of joint contractors open to demurrer, were under different statutes. 5. The debt or claim against McVickar was cut off and destroyed, and the right of action extinguished by lapse of

time, under the statute. *Brown v. Parker*, 28 Wis., 21; *Sprecker v. Wakely*, 11 Wis., 432, 440; *Davis v. Minor*, 1 How. (Miss.), 183.

COLE, J. This is an action upon a promissory note bearing date September 27th, 1860, and payable three months from date, which note was executed and delivered to the plaintiff by J. L. McVickar & Co., a firm consisting of the defendant and one J. L. McVickar. Among other things, it is alleged in the complaint, that, at the time of the execution of the note, the plaintiff was and ever since has been a resident and citizen of the state; that the defendant was also a citizen of the state when the note was executed and delivered; but that shortly thereafter, and before the maturity of the note, he removed to the state of Michigan, where he resided continually until 1868, when he returned to this state, where he now resides; and, further, that the right of action upon the note against McVickar, who has continually been an inhabitant of the state, is barred by the statute of limitations.

There are two objections taken to the complaint on demurrer. First, it is said that it appears upon the face of the complaint that the co-contractor, McVickar, is a necessary and proper party to this action; and, second, that the facts stated do not constitute a cause of action.

The first objection raises a question of practice of some interest, and new, so far as we know, in this state. And it is, whether the plaintiff had the right to anticipate the defense of the statute of limitations on the part of McVickar, and excuse his nonjoinder in the action upon that ground? On the part of the defendant it is insisted that he could not, but that both the makers of the note should have been made parties to the action. There are two provisions of the statute which have a material bearing upon the question of practice under consideration. By sec. 39, chap. 138, R. S., it is provided that, in an action against two or more joint contractors, if it appears on the trial,

or otherwise, that the plaintiff is barred as to one or more but is entitled to recover against any other, in that event judgment shall be given for the plaintiff as to the defendant against whom he is entitled to recover. It is very apparent that, under this section, the plaintiff is entitled to take judgment against any one of several joint debtors who may have revived the debt by a new acknowledgment or promise, or otherwise have kept the cause of action alive, even though the statute may have run upon the claim in favor of the other joint debtors. For instance, if in this case the plaintiff had joined McVickar in the action, he would have been subjected to costs upon McVickar's pleading the statute of limitations, although he was entitled to recover against the defendant. This is the plain and manifest intention and reading of this section.

By the next section it is enacted that if, in any action on contract, the defendant shall answer that any other person ought to have been jointly sued, and shall verify such answer by his oath or affirmation, and issue shall be joined thereon, and if it shall appear on the trial that the action is barred against the person so named in such answer, by reason of the provisions of the statute, the issue shall be found for the plaintiff. Now it is obvious that, whenever a defendant answered, under oath, that some other person ought to have been united in the action, if issue were taken thereon and it appeared that the action was barred in respect to the person so named, then the judgment was for the plaintiff. That is, if in this case the plaintiff had omitted in his complaint all reference to McVickar, and the defendant had filed a verified answer, setting up that McVickar ought to have been jointly sued with him, then, upon the plaintiff establishing the facts stated in the complaint, he would have been entitled to a judgment against him. And, upon the pleadings, it seems to us the case is substantially in the same attitude it would have been had it taken this course. It appears from the complaint that the statute has run in favor of McVickar, and that no recovery can be had against him.

Caswell vs. Engelmann.

The defendant has admitted this by the demurrer. It therefore appears that the plaintiff is barred as to McVickar. Why, then, should he be made a party, if all the court can do in respect to him, is to give him costs? It is true the defendant has not put in a technical answer, under oath, alleging that McVickar ought to be joined in the action, but by his demurrer he practically raises that issue of law upon the facts stated in the complaint. And, in view of the language used in the two sections above cited, we do not see how it can properly be said that there is a nonjoinder of parties defendant, and that it appears upon the face of the complaint that McVickar is a necessary and proper party. We have found no decision in England under the last proviso of the first section of Lord TENTERDEN'S act (9 Geo. IV, chap 14), and the second section of the same act, which are substantially the same as sections 39 and 40 of our statute; nor in any state which has a similar provision. And, in the absence of all authority upon the question, we do not feel warranted in saying that it appears upon the face of the complaint that McVickar is a proper and necessary party. The allegation intended to justify the omission to make him a party, shows, beyond all doubt, that an action upon the note is barred as to him, and that no recovery could possibly be had against him.

The other objection to the complaint involves a construction of section 28 of this same chapter. And that is, whether the absence of one joint debtor from the state suspends the running of the statute of limitations against him, his codebtor remaining within the state. It is insisted that the statute refers to a cause of action existing against one person alone, and not where it exists against several persons jointly. This was the construction placed upon a similar provision in the New York statute, in the case of *Brown v. Delafield*, 1 Denio, 445; but that case was overruled in *Denny v. Smith*, 18 N. Y., 567. We have no doubt that the case in the 18 N. Y. is the correct and proper exposition of this provision.

We therefore think the order overruling the demurrer is correct, and must be affirmed.

*By the Court.*— Order affirmed.