ADELAIDE HIXSON, Respondent, v. JAMES H. RODBOURN, as Administrator, etc., of JOSEPH RODBOURN, Deceased, Appellant.

*Surviving partner — incompetent to testify that a payment was made on a debt alleged to be barred by the Statute of Limitations in an action against the administrator of his deceased partner — presumption that non-residence continues — the statute is suspended as to a non-resident although his partner remains in the State — effect of a non-resident suing in the State of New York.*

In an action against the administrator of a deceased member of a firm, upon a promissory note made by the firm, the surviving partner of the firm is incompetent, under section 829 of the Code of Civil Procedure, to testify, for the purpose of taking the note out of the Statute of Limitations, that some years after the dissolution of the firm he made, with the consent and by the direction of the deceased partner, a payment on the note from assets of the firm collected by him.

In such a case the surviving partner is "a person interested in the event" of the action, for the reason that he is liable to pay the whole note, not only because he is the surviving partner, but because the partial payment made by him takes the debt as to him out of the Statute of Limitations, whereas, if the liability for the entire debt be shifted upon the estate of his deceased partner, the liability of the surviving partner will be reduced to at most a simple claim for contribution, and hence he is testifying in his own behalf and interest.

Where there is proof that the surviving partner took up his residence in a foreign State at a certain time, it will be assumed, in the absence of proof to the contrary, that his non-residence has continued.

The fact that the deceased partner remained in the State of New York did not prevent the Statute of Limitations from being suspended as to the surviving partner during the latter's non-residence.

A non-resident of the State of New York, who brings an action therein, submits himself to all the laws of that State relating to the remedy, such as the admissibility of evidence and the Statute of Limitations, and he has no cause of complaint if those laws deprive him of advantages which he might have had under the laws of his own State.

APPEAL by the defendant, James H. Rodbourn, as administrator, etc., of Joseph Rodbourn, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 18th day of May, 1901, upon the decision of the court rendered after a trial at the Chemung Trial Term before the court, the jury having been discharged.

*S. S. Taylor*, for the appellant.

*Richard H. Thurston*, for the respondent.

HOUGHTON, J. :

The action, which was begun April 30, 1896, is upon a promissory note made by Hixon, Rodbourn & Co. for $1,000, dated July 1, 1884, payable to the plaintiff six months after date.

The firm of Hixson, Rodbourn & Co. was a copartnership composed of plaintiff's husband, Amos S. Hixson, and defendant's intestate, Joseph Rodbourn. It was formed about 1878 and carried on business at Van Ettenville, in this State, where the note was given, and where by its terms it was payable. It was conceded on the trial that the actual business of the copartnership closed in 1885, the firm assets divided, and "the business under the partnership dissolved." The plaintiff proved that some of the assets were not collected as late as 1892, and claimed that the note in suit was still an outstanding obligation of the firm.

Joseph Rodbourn died on the 22d day of December, 1894. Amos S. Hixson, the surviving partner, and this plaintiff, in 1887, removed to the State of Kentucky, and both have since that time been non-residents of this State.

The existence of the copartnership was admitted by the answer. The complaint alleged that interest had been paid upon the note to January 1, 1890. The answer denied this, but the trial court found that interest had been thus paid. There was no evidence, however, of this fact to sustain such finding, and the liability of defendant's intestate turns upon the fact as to whether a payment on the note of twenty-five dollars, made by his former partner, Hixson, April 30, 1892, was binding upon him. The only testimony introduced upon the trial was that of Amos S. Hixson, taken by deposition. Upon its face the note was outlawed long before the death of Rodbourn, and the defendant pleaded the Statute of Limitations.

To avoid this, against the objection of defendant that the witness was disqualified under section 829 of the Code of Civil Procedure, the plaintiff was allowed to prove by the surviving partner, Hixson, that in April, 1892, he made a payment on the note from assets of the firm collected by him, of twenty-five dollars, with the consent and by the direction of Rodbourn.

We think the trial court erred in holding that the surviving partner was not a person interested in the event of the action, and in

holding that he was competent to testify to personal transactions with his deceased partner for the purpose of fastening liability upon his estate.

Section 829 of the Code of Civil Procedure provides that a person interested in the event, though not a party, shall not be examined as a witness, in his own behalf or interest, against the representative of a deceased person, or lunatic, or person deriving his title through either of them.

The test of the disqualifying interest of a witness not a party to the action is, therefore, whether he will gain by the decision of the action in conformity with his testimony.

Before the Code a witness interested in the event of the action was wholly prohibited from testifying. Under the present section of the Code, he is prohibited from testifying in his own behalf or interest. The decisions of the courts before the statute and the reasons for the rule adopted are instructive and, under certain conditions, applicable.

In *Marquand* v. *Webb* (16 Johns. 89) the action was against a part owner of a vessel for repairs. Another part owner was called as a witness for the plaintiff to prove the ownership of the defendant, and he was held to be incompetent to testify to that fact because he had an interest in charging the defendant, and so increasing the number of part owners, and thus diminishing the amount of contribution or loss which he would otherwise would be obliged himself to sustain.

After much discussion and questioning, the doctrine established by this case was reconsidered and applied in *Pierce* v. *Kearney* (5 Hill, 82) where the language is so applicable to our views in the present case that we quote from the opinion of the chief justice. The reasons for the doctrine are, in short, " that the witness being *prima facie* liable for the whole debt, is called for the purpose of bringing in another to share in that liability ; whereas, for aught that appears, without his testimony the plaintiff would fail and the whole liability devolve upon the witness. And there is this further reason in the case of a joint demand, viz., that the recovery would extinguish the original liability, and cut down that of the witness to a simple claim of contribution."

These decisions and the reasons upon which they are founded

have been frequently cited with approval as illustrating the disqualification of a witness under the provisions of the Code. (*Hunter* v. *Herrick*, 26 Hun, 272; affd., 92 N. Y. 626; *Wilcox* v. *Corwin*, 117 id. 500.) In the latter case the action was upon a promissory note made by two persons, one of whom was dead. The comaker was called by the plaintiff to prove a conversation had between deceased and the holder of the note, tending to show a recognition of the note by the deceased as an outstanding liability. The witness was held incompetent to testify because it was for his interest to render his co-defendant liable as well as himself, and his testimony tended to prove joint liability, and consequently the duty of contribution between the deceased maker and himself.

In the case at bar Hixson was primarily liable to pay the whole of the note not only because he was surviving partner, but because the partial payment which took the claim out of the operation of the statute was made by him. The copartnership business was closed and "dissolved," in the language of the stipulation on the trial, seven years before the partial payment was made, and Hixson, therefore, had no power as partner to bind Rodbourn by a partial payment unless he had authority from him to make it. (*Van Keuren* v. *Parmelee*, 2 N. Y. 523; *Harper* v. *Fairley*, 53 id. 442.)

The plaintiff upon the trial recognized this rule and sought to prove by Hixson a direction for payment by Rodbourn. At the joinder of issue, therefore, it stood that Hixson was liable upon the note as surviving partner, because he had taken it out of the statute by a partial payment, and the estate of Rodbourn was released, because the Statute of Limitations had been set up in the answer, unless the plaintiff was able to prove that Rodbourn had authorized the partial payment. If Rodbourn was liable at all on the original debt, it was a joint liability with Hixson. The action was for the entire debt against Rodbourn's estate. It seems quite clear that Hixson was interested in shifting the liability for the entire debt upon the estate of his deceased partner. The recovery against the estate would extinguish the original liability and cut down the liability of the witness to a simple claim for contribution.

But the respondent insists that at the time of the trial the Statute of Limitations had run against Hixson himself, and that therefore,

he had no interest whatever in the demand, because he was relieved from payment.

This position is not tenable. The mere running of the Statute of Limitations does not pay the debt, or raise any presumption of payment. (*Johnson* v. *A. & S. R. R. Co.*, 54 N. Y. 416.)

In addition, it was admitted upon the trial that Hixson, the copartner of defendant's intestate, left this State in 1887 and went to and resided in the State of Kentucky. He testifies himself that he is now a resident of the State of California, and that in 1892 he was a resident of the State of Illinois. There is, therefore, proof that in 1887 he took up his residence without the State, and has continued to be a non-resident from that time until the present, for, in the absence of contrary proof, we must assume that a fact once established has continued. He, therefore, comes within the exception provided by section 401 of the Code of Civil Procedure, which provides that if after a cause of action has accrued against a person, he departs from and resides without the State, and remains continuously absent therefrom for the space of one year or more, the time of his absence is not a part of the time limited for the commencement of an action against him. The fact that Rodbourn, his codebtor, remained in the State did not prevent the suspending of the running of the statute as against him. (*Denny* v. *Smith*, 18 N. Y. 567.)

The note was made in this State and payable here, and he was offered as a witness by the plaintiff in an action tried in this State. Although the plaintiff may be a non-resident of this State, she has come to its forum, and the rule is well settled that when a citizen of one State seeks a remedy upon a claim in the forum of another State he submits to all the laws of such State relating to the remedy and has no cause of complaint if those laws deprive him of advantages that he might have had under the laws of his own State. (Wood Lim. [2d ed.] 33.) The law of the forum governs all questions arising under the statute. (*Beer* v. *Simpson*, 65 Hun, 17.) Matters respecting the remedy, such as bringing suits, admissibility of evidence, Statute of Limitations, depend upon the law of the place where the suit is brought. (*Miller* v. *Brenham*, 68 N. Y. 87.)

The facts of the case, therefore, clearly show that the Statute of

Limitations in this State has not run on the note against the codebtor Hixson, notwithstanding more than six years have elapsed since the partial payment of twenty-five dollars made by him. He is offered as a witness in an action tried in this State and his competency is to be judged by the fact as to whether or not he would be liable in an action brought against him here, and not whether he might escape liability if an action were brought in a foreign forum. He could not successfully plead the Statute of Limitations if an action were brought against him in this State, and, therefore, he is interested in the event and was testifying in his own behalf for the purpose of compelling the estate of his deceased partner to pay the entire debt, and was incompetent for that purpose. There was no evidence of any payment other than the twenty-five dollars, and the finding of the court that the interest had been paid to January 1, 1890, being erroneous, the judgment must be reversed upon the facts, as well as for the error pointed out and a new trial granted, and it, therefore, becomes unnecessary to consider the question raised by the appellant as to the necessity of the plaintiff alleging and proving the insolvency of Hixson, the surviving partner, before proceeding against the estate of his deceased partner, as well as the other points urged by him on his argument.

The judgment should be reversed on the law and facts, and a new trial ordered, with costs to abide the event.

SMITH and EDWARDS, JJ., concurred; PARKER, P. J., and CHASE, J., concurred in result.

Judgment reversed on the law and facts and new trial granted, with costs to appellant to abide event.