*Margin:* Samuel Tooker *v.* Samuel Bennett and John Brower.

## Samuel Tooker *against* Samuel Bennett and John Brower.

The release
of one of two
joint-makers of
a promissory
note, under the
act giving re-
lief in cases of
insolvency,
is
no discharge of
the other.

ASSUMPSIT against the defendants as joint makers of a pro-
missory note, from which *Bennett* had been exonerated under
the act for giving relief in cases of insolvency. The defendants
served in their pleas, *Bennett* pleading his discharge, and *Tooker*
giving notice that he should insist on that discharge, in bar of
the suit against himself. The only question made, and now sub-
mitted without argument was, whether the discharge of the one
would operate as a release to both ?

NEW-YORK,
May 1805.

Samuel Tooker
v.
Samuel Bennet
and
John Brower.

*Per curiam* delivered by LIVINGSTON J. We perceive no difficulty in this case. By the proceedings under the " Act for giving re- " lief in cases of Insolvency," *Bennett* is discharged from " *all* " *debts due at the time of* the assignment of his estate, or " contracted for, before that time, though payable afterwards, " and if in prison, from his imprisonment,," now as a *joint* debt is the debt of each, as well as of *all* of the partners, he is absolved from such a demand as well as from every other. This is the case in *England* under the bankrupt laws ; for, although the statutes on this subject say nothing of joint or separate debts, or of joint or separate commissions, all debts due by the bankrupt, whether jointly or separately, are equally discharged by a certificate, and that whether the commission be separate or joint. 3 *P. W.* 24. *Str.* 995. 1157. 1 *Atk.* 67. It is reasonable this should be so, for the assignees of an insolvent partner have a right to possess them- selves, not only of his separate estate, but also of his proportion of the joint property, if it be more than sufficient to pay the demands against the partnership—As all his estate then, whether private, or what he may have in the common stock, passes by his as- signment, what reason can be given why he should remain lia- ble for a partnership more than any other demand ? *Bennett's* dis- charge therefore is a good bar to this suit against him. But it can form no defence for *Brower.* The discharge of one partner under the insolvent act, is no proof of the insolvency of his copartners ; as neither *Brower's* separate estate, nor his interest in the joint fund, passed by the assignment of *Bennett*, it would be difficult to say why he should be exonerated, by the inability of *Bennett* from paying a debt for which he was before liable to the extent of his whole fortune, or why the present plaintiff should be depriv- ed, in this way, of the security which the law gave him, at the time of contracting the debt, against the person and property of *Brower.*

It is not possible, that by any reasoning such injustice can be rendered even plausible.

In *England* the certificate of one partner is declared by statute, not to discharge or release the other, who shall remain liable, as if it had never been obtained. No statute can be necessary to jus- tify our going the length we now do. The obvious good sense and propriety of such a provision, will justify our adopting the same rule, without waiting for legislative sanction.* Judgment must there- fore be entered for the plaintiff against *Brower* with costs, and in

* *Nadin* v. *Baitie*
*East,* 147. *S. P.*

NEW-YORK.
May, 1805.

favour of *Bennett*, who will of course be entitled to have his costs of the plaintiff. This will cause no inconsistency in the record ; a joint suit was properly brought ; and it will appear by the record that although the promise was made by both the defendants, yet judgment was recovered against one only, by reason of the discharge of the other, since the making of the notes.