JOHN J. TOWN

*vs.*

C. C. WASHBURN et al.

In an action against two or more defendants on a joint contract, a judgment may be recovered againt one or more, though the statute of limitations has barred the action against the others.

On the 18th day of May, 1858, E. B. West made his note, payable ninety days after date, to the order of D, Morrison & Co., a firm composed of D. Morrison, C. C. Washburn and E. B. Washburn. D. Morrison & Co. endorsed said note by their firm name and transferred it to the plaintiff. After the lapse of nearly nine years, the plaintiff brought this action in the District Court for Hennepin county, to recover the amount of said note of said endorsers ; to avoid the statute of limitations, he alleged that said C. C. & E. B. Washburn had been absent from, and re-

siding out of this State more than eight years, prior to the commencement of the action. The defendants demurred to the complaint, insisting that the plaintiff's claim was barred by the statute of limitations : the defendant, Morrison, separately. The demurrer was overruled, and the plaintiff appeals from the overruling order. It is admitted that the action was barred as against Morrison, who had all the time resided in the State.

Cornell & Bradley, for appellants.

I.—The contract on the part of "D. Morrison & Co." was a joint contract, and all persons liable on a joint contract must depart from the State in order to arrest the running of the statute against the demand. *Brown vs. Delafield*, 1 *Denio*, 445 ; *Denny vs. Smith*, 18 *N. Y.*, 567, *dissenting opinion of Judge Denio*; *Secs.* 13 *and* 15, *Ch.* 66, *Title* 2, *and Sec.* 37, *Title* 3, *same chap., and Sub.* 2, *Sec.* 1, *Ch.* 4, *Gen. Stat.*

II.—A recovery on a joint contract must be had against all the parties to it or against none. *Fitz vs. Clark & Co.*, 7 *Minn.*, 217 : *Whitney et al. vs. Reese and Heylin*, 11 *Minn.*, 138.

III.—To hold that the statute is no bar as to the Washburns, practically deprives Morrison of its benefits, because if judgment is obtained against them, they can claim contribution from Morrison. *Boardman vs. Paige*, 11 *N. Hamp.*, 431 ; *Mills vs. Hyde*, 19 *Vt.*, (4 *Washb.*) 59 ; 17 *Eng. Law and Eq.*, 182.

Wilson & McNair for Respondent.

The only question upon the demurrer is : Does the

Town v. Washburn et al.

presence of defendant, Morrison, in the State, cause the statute of limitations to run in favor of the absent defendants, Washburns?

Defendants are partners, and plaintiff has equal right to recover from partnership assets, or from the individual estate of either partner upon whom he may secure personal service. 1 *American Leading Cases*, 472 ; *Newman vs. Bagley*, 16th *Pickering*, 570 ; *Allen vs. Wells*, 22d *Ind.* 450; *Bell vs. Newman*, 5th *Sergeant & Rawle*, 78, 86.

The statute of limitations gives the creditor right of action for six years against each joint debtor within the jurisdiction of the Court, and the presence of one joint debtor does not cause the statute to run in favor of those absent. *Denny vs. Smith & Hull*, 18th *N. Y. Rep.*, 567 ; *Fannin vs. Anderson*, 53d *Eng. Com. Law, Rep.*, 821 ; *Didier vs. Davidson*, 2d *Barber's Chancery*, 477–487 ; and the various cases cited in 3d *vol. N. Y. Digest, p.* 725, *and sections* 133, 134 *and* 135, among which attention is called to *Davis vs. Kinney*, 1st *Abbott's Pr. Rep.*, 440, as being similar to present case.

A contrary doctrine would compel the creditor to undergo the fruitless costs and expense of a suit against an insolvent resident, or lose his right of action against a responsible codebtor; who should remain without the jurisdiction of the court until the statute had run.

*By the Court.*—WILSON, Ch. J.—We are of the opinion that the order appealed from should be affirmed. *Denny vs. Smith*, 18 *N. Y.*, 567, decided under a statute substantially the same as ours, is in point, and we are satisfied with the reasoning and conclusion of the Judge who delivered the opinion of the majority of the Court in that case. See also *Dolbear vs. Davidson*, 2 *Barb. Ch.* 477–487 ; *Fannin vs.*

*Anderson,* 7 *Ad. & El. N. Y.,* 811. Our statute is in these words : *Sec.* 3, *Ch.* 66, *Gen. Stat.* "Actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues, except where in special cases a different limitation is prescribed by statute."

*Sec.* 15. "If when the cause of action accrues against a person, he is out of the State, the action may be commenced within the times herein limited after his return to the State; and if, after the cause of action accrues, he departs from and resides out of the State, the time of his absence is not part of the time limited for the commencement of the action."

We must give to the words of the statute their natural and obvious meaning, and this constitutes the law as a shield to the defendant Morrison against this action, he having been within the jurisdiction of the Court for more than six years before suit brought, and after the cause of action accrued, but not to the other defendants, who have not been six years within the jurisdiction of the Court.

To use the language of the Court of Appeals of New York, in the case above cited, "it appears to have been the manifest intention of the legislature, to subject any debtor, during a period of six years after the accruing of a debt, to the reach of civil process at the suit of his debtor." The argument that Morrison may be compelled to contribute, and therefore be practically deprived of the benefit of the statute, would be more properly addressed to the legislature than the Court ; it might tend to prove a *casus omissus,* which cannot be remedied by us. It is even held, that cases within the reason, but not within the words of the statute, are not barred, but may be considered as omitted cases, which the legislature have not deemed proper to limit. *Bedell vs. Janny,* 4 *Gilm. (Ill.),* 208, *and cases cited.*

But it is urged that the plaintiff must recover against all the defendants that were members of the firm of D. Morrison & Co. or none ; and in support of this position are cited, *Fitz vs. Chamberlain,* 7 *Minn.,* 217, *and Reese vs. Heylin,* 11 *Minn.,* 138.

Speaking for myself, I may say, that these cases have gone full far enough in the direction indicated, but they have not gone nearly to the length which the defendants ask us here to go. They only held that in an action against two or more on a joint contract or debt, a plaintiff cannot recover against one of the defendants, on his individual contract or indebtedness.

In the last case, the statute having run, Heylin could not, after the partnership had been dissolved, revive the debt against his former co-partner, or the former firm, but the old debt was a sufficient consideration to support the promise ; but it was his individual promise and contract, and not that of Reese and Heylin. A recovery, therefore, could not be had on the partnership contract, or indebtedness, which was barred by the statute, but only on his individual contract, subsequently made. The case at bar is entirely different. Suit is brought and judgment asked on the original joint contract made by the firm of D. Morrison & Co. The cases cited, therefore, we think are not authorities for the defendants. Order affirmed.