MARIA ENO, Respondent, *v.* RUFUS DIEFENDORF, Impleaded, etc., Appellant.

(Argued April 29, 1886 ; decided June 1, 1886.)

THIS was an action for an accounting between partners. Among other claims presented on the accounting were certain promissory notes executed by defendant. It was claimed here that said notes were barred by the statute of limitations. As to this the court say :

" No such defense is properly presented in the defendant's answer. The second and further answer sets up that the defendant has settled and paid plaintiff 'for all deal, accounts, matters and things he has ever had with plaintiff, and denies that he is indebted to her in any sum whatever, and that more than six years have elapsed since the matter and things mentioned in plaintiff's complaint, or any of them, have become due.'

" This allegation contains merely a defense of payment, and is not a sufficient plea that the claims and demands of the plaintiff are barred by the statute of limitations. There is no direct averment that the defendant intends to set up two defenses in one count of the answer. Even if there had been a sufficient statement of more than one defense, it would be in

violation of the rule of pleading that defenses must be separately stated.

"Aside, however, from this view of the subject, it is sufficient to say that there is no averment in appropriate language that six years, before the commencement of the action, have elapsed since the demands named were due, and hence they are not barred by the statute of limitations.

"Another answer to the claim is that the case is one where mutual accounts existed between the parties, and that some of the items accrued within six years before the commencement of this action.

"It may also be remarked that the evidence shows that payments were made by the defendant at different times upon the account of the plaintiff, and thus the statute was prevented from running."

*S. N. Dada*, for appellant.

*F. A. Lyman* for respondent.

*Per Curiam mem.* for affirmance.
All concur.
Judgment affirmed.