[S. F. No. 812.   Department Two.—December 14, 1898.]

## J. W. HARRISON, Appellant, v. JOHN McCORMICK et al., Respondents.

ACTION AGAINST PARTNERS—AMENDMENT OF COMPLAINT—JOINDER OF CO-PARTNER—STATUTE OF LIMITATIONS—RELEASE.—In an action brought against two members of a copartnership to recover for goods sold to the partnership, an amendment of the complaint rendered necessary merely to join a third partner as codefendant, does not state a new cause of action against the original defendants; and the sustaining of a demurrer of such third partner to the amended complaint, on the ground that the cause of action was barred as to him by the statute of limitations when he was joined as defendant, and the dismissal of the action as to him, does not entitle the original defendants to a like dismissal, nor does it operate to release or discharge them from liability to the plaintiff.

ID.—JOINT DEBT—DISCHARGE OF CODEBTOR—PERSONAL PRIVILEGE—OPERATION OF LAW.—The discharge of one of several joint debtors from the joint debt against them, which does not relate to the merits of the contract, but relates only to his personal privilege to be discharged therefrom by operation of law, as the result of a plea of infancy, or of bankruptcy, or of the statute of limitations, is not available to the remaining joint debtors who have not the same personal privilege.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

Evans & Meredith, for Appellant.

The original defendants were not released or discharged by the sustaining of the plea of the statute of limitations as to one of the joint debtors. (*Spaulding v. Ludlow etc. Mills*, 36 Vt. 150; *Denny v. Smith*, 18 N. Y. 567; *Cutler v. Wright*, 22 N. Y. 477; Bishop on Contracts, sec. 871; Wharton on Contracts, sec. 824; Dicey on Parties, 231; Wood on Limitations, sec. 171.)

Reddy, Campbell & Metson, for Respondents.

The cause of action upon the amended complaint was new as to all of the defendants. The partnership was not before sued. (*Harrison v. McCormick,* 69 Cal. 621; *Cotes v. Campbell,* 3 Cal. 191; *McCord v. Seale,* 56 Cal. 262; *Weinreich v. Johnston,* 78 Cal. 254, 257.)

BRITT, C.—Action to recover a balance of the price of goods sold; the action was begun against John McCormick and Oscar Lewis, alleged to be partners under the name of McCormick & Lewis; plaintiff had judgment, which was reversed on appeal, for the reason that one T. A. McCormick was shown to be a co-partner with said defendants and a necessary party to the action. (*Harrison v. McCormick,* 69 Cal. 616.) Plaintiff then amended his complaint, joining said T. A. McCormick with the former defendants, and alleging, among other things, that the contract sued upon was made with the three as copartners under the firm name of McCormick, Lewis & Co. Between the time of the commencement of the action and the amendment aforesaid, the statute of limitations applicable to plaintiff's demand had run in favor of T. A. McCormick; he pleaded the same by demurrer to the amended complaint, the court sustained the demurrer and dismissed the action as to him. On a subsequent trial between plaintiff and the two defendants originally sued, the court non-suited the plaintiff at the close of his evidence; he moved for a new trial, which was denied, hence this appeal. There was an intermediate appeal of no present interest except as part of the history of the case (*Harrison v. McCormick,* 89 Cal. 327; 23 Am. St. Rep. 469).

Most, if not all, of the considerations advanced by respondents in support of the nonsuit ordered by the court are resolvable into the single proposition that since the right of action on the contract was barred by the statute as against T. A. McCormick, therefore it was lost also against his copartners—on the principle that the release of one of two or more partners or other joint debtors is a release of all. Certain qualifications of the rule invoked are as fully established by the common law as the rule itself: "If the discharge do not relate to the merits of the contract, and only concerns the person of one of the promisors,

as infancy, bankruptcy, et cetera, the other promisors are still
holden. 'For,' in the language of the Mirror of Justice, p. 215,
'satisfaction hath respect to the debt and not to the person.' "
(*Townsend v. Riddle,* 2 N. H. 449, and cases cited.)   It is per-
fectly well settled that the discharge of one partner in bank-
ruptcy, or the infancy of one partner pleaded to an action on a
contract voidable by him for that reason, does not affect the
liability of his copartners for the joint debt.   (Parsons on Part-
nership, 4th ed., secs. 17, 376; Lindley on Partnership, marg.
p. 224; *Tooker v. Bennett,* 3 Caines, 4; *Woodward v. Newhall,* 1
Pick. 500; *Slocum v. Hooker,* 13 Barb. 536, 541.)   The statute
of limitations is also a defense peculiar to him who pleads it;
as has been said here, it is a personal privilege of the debtor to
be asserted or waived at his option (*Grattan v. Wiggins,* 23 Cal.
16); its effect is not to satisfy the debt but to bar the remedy;
and we perceive no sufficient reason why this defense which, by
operation of law, produces the personal discharge of one of two
or more partners or other joint debtors, should be available to
his codefendants who have not the same advantage.

Suppose John McCormick and Oscar Lewis had been absent
from the state until the statute barred the action against their
copartner, and upon their return to the jurisdiction all were
then sued; we should have the identical state of facts presented
in *Town v. Washburn,* 14 Minn. 268, 100 Am. Dec. 219, where
it was held that a creditor might recover against two partners
who had thus been beyond the reach of process although his
action was barred as against a third who pleaded the statute.
The doctrine of that case—if it was correctly decided, and we
think it was—should obtain here; for an action actually brought
against some but not all of the members of a partnership must
be as effective to preserve the liability of the persons sued as their
absence from the State, which affords merely an excuse for not
suing them.

It is further said that the action stands now upon a contract
made with three partners, and that this contract was not de-
clared on until the filing of the amended complaint; and hence
that the action is barred as to all the defendants, the same as in
the case of T. A. McCormick.   It is, however, quite apparent
from the pleadings that the effect of the amendment to the com-

plaint was not to state a new cause of action against the original defendants, but only the original cause of action against a new defendant; the latter alone, therefore, could plead the statute with effect. (*Easton v. O'Reilly*, 63 Cal. 305.)

Counsel have made no reference in argument to section 1543 of the Civil Code, which declares that: "A release of one of two or more joint debtors does not extinguish the obligations of the others, unless they are mere guarantors; nor does it affect their right to contribution from him," and we have therefore not sought to ascertain its effect in the case. It may be of consequence (*Northern Ins. Co. v. Potter*, 63 Cal. 157); but independently of its provisions, we are satisfied that the motion for nonsuit was improperly granted, and the order denying a new trial should be reversed.

Chipman, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is reversed.

Temple, J., Henshaw, J., McFarland, J.

Hearing in Bank denied.