[Civ. No. 2825.   Second Appellate District, Division One.—May 13, 1920.]

## SUGAR LOAF ORANGE GROWERS ASSOCIATION, Respondent, v. H. G. SKEWES, Appellant.

[1] ACCOUNTS—ACTION FOR BALANCE DUE—ADMISSIBILITY OF LEDGER ACCOUNT.—In an action upon a mutual, open, and current book account to recover the balance due and owing to plaintiff for the picking, hauling, washing, packing, and shipping of defendant's oranges during a specified season, the ledger account contained in a book kept by the plaintiff and showing its account with defendant is admissible, where the entries made in such book by the secretary and general manager of the plaintiff association from information furnished him by other employees of plaintiff, all of which was in the usual course of business of the plaintiff, were the original and only entries made by the plaintiff.

[2] ID.—SALE OF CROP OF ORANGES — AUTHORITY OF GROWERS' ORGANIZATION TO PAY LOSSES—LEDGER ENTRIES FROM "ACCOUNT SALES."—Duplicate copies of "account sales" showing the receipts from the sales of a given crop of oranges and the charges for freight, refrigeration, and auction commissions, received by a growers' organization in the usual course of business from the organization which acted as the selling agent, constitute a reasonable basis of authority to such growers' organization to pay out the balance charged to it on the loss incurred by the sales of the crop of the grower and to charge the latter the amount so paid out by it for his account; and the ledger entries made by such growers' organization in the book kept by it showing its account with such grower may be regarded as the original entry of its account against such grower.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Benjamin Lewis, Mab Copland and H. M. Linneman for Appellant.

Bicksler, Smith & Parke for Respondent.

1. Necessity that book of accounts offered in evidence be book of original entry, note, 2 Ann. Cas. 842.

CONREY, P. J.—As stated in the complaint, the cause of action sued on herein is an alleged indebtedness of the defendant to the plaintiff "upon a mutual, open, and current book account, said sum of $532.07 being the balance due and owing to plaintiff for the picking, hauling, washing, packing, and shipping of defendant's oranges during the season of 1912, together with certain moneys advanced by the plaintiff therefor at defendant's request, after deducting therefrom and crediting to the defendant all moneys received by the plaintiff for the defendant from the sale of defendant's oranges." The principal contention of appellant is that the court erred in overruling his objection to the introduction in evidence of a ledger account contained in a book kept by the plaintiff and showing its account with defendant. It is claimed that no sufficient foundation was laid for the admission in evidence of said ledger account. To the extent of $508 the account shows the items charged for picking, hauling, washing, and packing the oranges taken from defendant's orchard, together with a selling charge of ten cents per box for the 750 packed boxes as shipped. The remaining items consist of an "account sales" showing the receipts from the sales and the charges for freight and refrigeration and for auction commission. The net result of the "account sales" was a balance of $24.07 debited against the defendant; thus making the total balance of $532.07, constituting plaintiff's claim. The witness E. F. Wolever was secretary and general manager of the plaintiff. Plaintiff's method of doing business was described by this witness. Plaintiff is a growers' organization which handles the growers' crops on an estimated cost basis. The Mutual Orange Distributors is a corporation having its central office at Redlands, California, which acts as the selling agent for a group of orange growers' associations, the plaintiff being one of those associations. In the instant case, the plaintiff agreed to pick, haul and pack defendant's oranges and cause the same to be shipped and sold through the agency of the Mutual Orange Distributors. This was done and the account sued upon is the result of that transaction.

[1] It appears from the testimony of Wolever that he personally paid out all of the moneys constituting the items charged against the defendant; and that he was personally

acquainted with the facts with respect to the picking, hauling, washing, and packing of the oranges and the payment of the ten cents per box commission to the Mutual Orange Distributors. He did not count and observe every detail, but he saw the work going on in defendant's orchard and saw the fruit received at the packing-house. For actual time of the work of the men in the orchard and in hauling, he relied upon informatioin furnished to him by the plaintiff's foreman at the orchard, the receiving clerk at plaintiff's packing-house, and upon statements of the pickers themselves, all of which was in the usual course of business of the plaintiff. The entries made by Wolever in the ledger account were the original and only book entries made by the plaintiff; that is to say, the ledger entries were not copies from any other book or memorandum of the plaintiff.

From the foregoing evidence we are satisfied that the ledger was admissible in evidence to prove the items constituting the first mentioned charge amounting to $508. As to the "account sales," a separate statement will be made herein. The rule of evidence applying to account-books is stated in *Chan Kiu Sing* v. *Gordon*, 171 Cal. 28, [151 Pac. 657], as follows: "In order to lay the foundation for the admission of such evidence it must be shown that the books in question are books of account kept in the regular course of the business, that the business is of a character in which it is proper or customary to keep such books, that the entries were either original entries or the first permanent entries of the transactions, that they were made at the time, or within reasonable proximity to the time, of the respective transactions, and that the person making them had personal knowledge of the transactions or obtained such knowledge from a report regularly made to him by some other person employed in the business, whose duty it was to make the same in the regular course of business. (1 Elliott on Evidence, secs. 458 to 463, inclusive; 2 Wigmore on Evidence, sec. 1554; 2 Jones on Evidence, sec. 322.)"

Counsel for appellant concede that Mr. Wolever did have knowledge, either direct or indirect, of the transactions concerning the packing, etc., of the oranges, and lay the emphasis of their objection upon that part of the ledger constituting the "account sales." The witness Wolever testified that he represented the plaintiff as one of the sub-

sidiary associations making up the Mutual Orange Distributors, and was a member of the board of directors of the Mutual Orange Distributors. As such director he was familiar with the system under which the fruit was shipped, sold and accounted for through that agency. [2] The Mutual Orange Distributors shipped to various representatives throughout the country the fruit received by it and the sales were made through these representatives, who then reported to the Mutual Orange Distributors by rendering in each case an "account sales" in the form of duplicate carbon copies containing the several statements of account. One of these duplicates is kept by the Mutual Orange Distributors as its record of the transaction, and the other is sent to the fruit growers' organization. Thus, in the instant case there were three "account sales"; one for each of the three cars in which the fruit was shipped. One came from Cleveland, one from New York, and one from Boston. All of the sales were made at auction. Of the duplicate copies so received by the Mutual Orange Distributors, one of each was delivered to the plaintiff. It was from those statements that the entries were made by Mr. Wolever in the ledger account introduced in evidence in this action. The witness Wolever testified that the accounts of sales thus furnished constituted all of the memoranda and data which under that method of doing business are used in making settlements. In connection with the cross-examination of Mr. Wolever, the defendant called for the said accounts of sales furnished to plaintiff by the Mutual Orange Distributors and introduced them in evidence. They are in the record as defendant's exhibit "R," and correspond in amounts to the entries contained in the ledger account. No evidence to contradict them was offered by the defendant. It appears to us that if there was any error in the reception of the ledger account in evidence as covering these items of the "account sales," such error is cured by the introduction in evidence of said exhibit "R" at the instance of the defendant himself. Having been received by the plaintiff in the usual course of business, they constituted a reasonable basis of authority to the plaintiff to pay out the balance charged to it on the loss incurred by the sales and to charge to the defendant the amount so paid out by the plaintiff for his account.

Considered in this light, the ledger entry itself may be regarded as the original entry of the account of the plaintiff against the defendant.

Appellant next contends that the evidence is insufficient to support the court's finding that the account sued upon is true and correct, "and constitutes an open, current, mutual, and book account." We think that the evidence established the character of the account as a mutual, open, and current account; it being within the following definition: "An unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions, not reduced to writing, and subject to future settlement and adjustment. It is usually disclosed by the account-books of the owner of the demand, . . ." (*Mercantile Trust Co. v. Doe*, 26 Cal. App. 246, 253, [146 Pac. 692]; *George Rice & Sons v. Cowan*, 46 Cal. App. 225, [189 Pac. 132].) This being so, the cause of action was not barred by the statute of limitations, since the action was commenced within the period of four years from the time when the cause of action accrued. (Code Civ. Proc., sec. 337, subd. 2.)

The judgment is affirmed.

Shaw, J., and James, J., concurred.