[Civ. No. 4026.  Second Appellate District, Division Two.—January 25, 1923.]

## A. AROCENA, Respondent, v. EDWARD A. SAWYER, Appellant.

[1] PARTNERSHIP—DISSOLUTION—ACTION AGAINST SURVIVOR—PARTIES—PLEADING.—In actions upon claims against a partnership the surviving partner may be sued alone, without joining the executors or administrators of the deceased partner or alleging the presentation of any claim against his estate.

[2] ID.—NONPAYMENT—PLEADING.—In an action against a surviving partner upon a claim against a partnership that was dissolved by the death of one of the partners, an allegation that "the defendant, as one of the partners of said partnership, has not paid plaintiff" the sum sued for, "nor any part thereof, and said sum is now due, owing and wholly unpaid from defendant to the plaintiff herein," is not inconsistent with a generic and comprehensive allegation in another paragraph that "no part" of that sum "has been paid."

[3] ID.—ACCOUNT-BOOKS—ADMISSIONS AGAINST INTEREST.—In an action against a surviving partner upon assigned claims, account-books, time-books, and a statement of credits in favor of the partnership which were made and kept by plaintiff as a part of his business as foreman for the partnership, and as its agent, are admissible against the defendant, as admissions against interest.

[4] ID.—MUTUAL, CURRENT AND OPEN ACCOUNTS—WAGES—STATUTE OF LIMITATIONS.—Where moneys earned by ranch hands employed by a partnership for an agreed monthly wage are offset in part by cross-demands for certain articles of merchandise furnished to such employees from time to time during the course of their employment, and such credits and debits are entered in the books of the partnership, mutual, open, and current accounts are thereby constituted; and an action to recover the balance due said employees, based upon such accounts, if commenced within four years from the date of the last item of each account, is not barred by the statute of limitations.

[5] FINDINGS—ISSUES—JUDGMENT.—Where the court has found upon all the issues necessary to sustain its judgment, its failure to find upon entirely separate and distinct issues which might be the basis of another and different judgment, but which, if found upon, could not affect the judgment entered, cannot justify a reversal.

[6] STATUTE OF LIMITATIONS—ABSENCE OF PARTNER FROM STATE.—The defense of the statute of limitations which permits the personal discharge of one partner who continues to reside in the state is not available to another of the partners whose absence from the state suspended the operation of the statute as to him.

[7] INTEREST—ACTION TO RECOVER MONTHLY WAGE.—In an action to recover an agreed monthly wage, it is not error to allow interest on the principal found to be due at the legal rate from the date of the termination of the employment.

[8] ID. — MUTUAL ACCOUNTS BASED UPON WAGES EARNED AND MERCHANDISE FURNISHED—ACTION ON.—In an action upon a mutual, open, and current account, based upon credits for moneys earned as wages and debits for articles of merchandise furnished by the

---

3.  Admissibility of partnership books, note, 52 L. R. A. 833.

employer to the employee, it is error to award interest prior to the date of the entry of the judgment, where the accounts were never settled and the balance ascertained by agreement of the parties.

APPEAL from a judgment of the Superior Court of Imperial County.

Phil D. Swing and M. W. Conkling, Judges.   Modified and affirmed.

The facts are stated in the opinion of the court.

Frank Birkhauser for Appellant.

B. C. Nichols for Respondent.

FINLAYSON, P. J.—This is an action to recover for services which plaintiff and his assignors—certain ranch hands—performed for a partnership of which defendant is the surviving member. Judgment passed for plaintiff on four of the assigned claims. Defendant appeals from that judgment and likewise from an order denying his motion for a nonsuit and from an order denying his motion for a new trial. As neither of these last-mentioned orders is appealable, the attempted appeals therefrom will be dismissed.

Defendant and one Leopold Alexander had been partners. The partnership, which had been engaged in farming a ranch in Imperial County, was dissolved by the death of Alexander on February 12, 1916. [1] Plaintiff brought the action against defendant, the surviving member of the firm, pursuant to the rule that in actions upon claims against a partnership the surviving partner may be sued alone, without joining the executors or administrators of the deceased partner or alleging the presentation of any claim against his estate. (*Corson* v. *Berson,* 86 Cal. 433 [25 Pac. 7]; *Friermuth* v. *Friermuth,* 46 Cal. 42; *West Coast L. Co.* v. *Apfield,* 86 Cal. 335 [24 Pac. 993]; *Minifie* v. *Rowley,* 187 Cal. 481 [202 Pac. 673].)

Plaintiff did work as foreman of the ranch between November 1, 1911, and August 15, 1916. He was employed in that capacity by Alexander some years prior to the latter's death. The assigned claims upon which plaintiff recovered judgment are those of Mariana Arocena, who cooked for the

men employed on the ranch, and Juan Arguedas, Antonio Etchebarren, and Juan Louissena, ranch hands employed to do work on or about the ranch. Another laborer, Frank Arocena, did work on the ranch for the partnership, but the court found that he did not assign his claim to plaintiff.

The action was tried upon plaintiff's amended complaint and defendant's answer thereto. The amended complaint contains twenty-two separate counts. In counts 1 and 12 plaintiff alleges that there is a balance due him for his own personal services as ranch foreman and for moneys advanced by him for the partnership. The court found that all of this alleged balance had been paid, and, accordingly, plaintiff did not recover anything therefor. For this reason there may not be a reversal unless there be some error affecting the judgment on the four assigned claims.

In counts 6, 11, 17, and 22 plaintiff alleged facts showing the amount due for services performed by Frank Arocena; but as the court found that this claim was not assigned to plaintiff, and for that reason rendered no judgment thereon, we are not concerned here with the cause of action alleged in each of those counts. In counts 2 to 5, inclusive, it is alleged that plaintiff's four assignors, Mariana Arocena, Juan Arguedas, Antonia Etchebarren, and Juan Louissena, performed certain services at the request of the partnership of a certain "agreed value," no part of which has been paid, and that an open book account of the same was kept. Counts 7 to 10, inclusive, are like counts 2 to 5, except that they make no mention of any open book account. In counts 13 to 16, inclusive, plaintiff sues in *quantum meruit* to recover the reasonable value of the work alleged to have been done by his four assignors. In counts 18 to 21, inclusive, plaintiff, suing upon his four assigned claims, alleges that a balance of account in favor of each of his assignors was struck and stated.

The court made findings in favor of plaintiff upon counts 2 to 5, inclusive, 7 to 10, inclusive, and 13 to 16, inclusive. That is, as to plaintiff's four assignors the court found that each rendered services for the partnership of a certain "*agreed* value"; that an "open book account" of the services was kept; and that the services were of a certain "*reasonable* value"—the amount found to be the "reasonable value" in each instance corresponding with the amount found

to be the "agreed value." · No findings were made on counts 18 to 22, inclusive.

Appellant claims: (1) That the court erred in overruling his demurrer to the amended complaint; (2) that error was committed in admitting certain of plaintiff's exhibits; (3) that the evidence shows that each cause of action is barred by the statute of limitations; (4) that through the court's failure to make findings on the issues presented by counts 18 to 22, inclusive, appellant has suffered prejudicial error; (5) that certain of the findings are not supported by the evidence; and (6) that it was error to allow interest upon the assigned claims—the only claims upon which plaintiff recovered judgment.

[2] There is no merit in the point that defendant's demurrer was improperly overruled. In each count there is a paragraph wherein it is alleged that "the defendant, as one of the partners of said partnership, has not paid plaintiff the sum of [naming the amount sued for], nor any part thereof, and said sum . . . is now due, owing and wholly unpaid *from defendant to the plaintiff herein.*" This allegation, says appellant, does not negative the possibility that the claim may have been paid by the partnership, or by Alexander, the deceased partner. Wherefore it is argued that the complaint fails to allege nonpayment, and that, therefore, it does not state a cause of action. But in another paragraph of each count, after alleging the facts which show the precise amount of the balance due to the particular assignor mentioned in the count, it is expressly alleged that "no part" of that sum "has been paid." It is difficult to conceive of a more complete allegation of nonpayment than this. It is a generic and comprehensive allegation which is in nowise inconsistent with the more particular averment to the effect that the claim has not been paid by *defendant* to plaintiff. There is, therefore, no inconsistency between the two allegations, and the demurrer was properly overruled.

[3] Plaintiff was allowed to introduce in evidence, over defendant's objections, a certain account-book (plaintiff's exhibit 1), three time-books (plaintiff's exhibits 2, 3, and 4), and a sheet of paper containing a statement of certain credits in favor of the partnership (plaintiff's exhibit 7). Plaintiff, the foreman of the ranch, kept these books and

made this statement as the employee of Sawyer & Alexander. The entries were made by him personally or under his direct supervision. As foreman of the ranch he had personal knowledge of the matters represented by each and every entry. The books and the statement contain entries showing the amount of the monthly wage of each of plaintiff's assignors and when and how long each worked for Sawyer & Alexander. According to the testimony on behalf of plaintiff, each of his assignors was employed to work on the ranch at a certain agreed monthly wage.

Several reasons are urged against the admissibility of these books and the statement of credits. For example, it is urged that not all of the entries were made at the time of the respective transactions, and that, therefore, the documents could not be received in evidence under the rule which governs the admissibility of a tradesman's book of original entries. Under the view which we take of the case it will not be necessary to consider in detail each of appellant's objections to the introduction of these exhibits. Plaintiff testified that he made the statement and kept the books as a part of his duties in carrying on the business of the ranch as its foreman; and it seems quite evident that it was a part of his business as ranch foreman to do these things. It is a reasonable inference from all the evidence that he made the statement and kept the books, not for himself but for his employer, the firm of Sawyer & Alexander, and as its agent. The books and the statement were, therefore, the books and statement of Sawyer & Alexander. (*Cormac* v. *Western White Bronze Co.,* 77 Iowa, 32 [41 N. W. 480]; 22 C. J. 892.) As such, their contents were the admissions of Sawyer & Alexander and were admissible in evidence against that firm or either member thereof, like any other admission against interest. "A statement contained in a book entry may amount to an admission, in which case it is, like other admissions, competent evidence against the party by whom or under whose direction the entry was made." (22 C. J., pp. 889, 890.) "Where a book containing entries against interest is shown to belong to the party, he will not be heard to object to the form of the book or the manner in which it was kept." (22 C. J., p. 891.) Although there is very respectable authority for holding that entries made by a clerk in his favor are admissible against his employer (*Cor-*

*mac* v. *Western White Bronze Co., supra*), we shall assume, for the purpose of this decision only, that in so far as the entries relate to plaintiff's own personal services and to moneys advanced by him to or for the partnership, the books would not have been admissible in his favor unless it were shown that they had been kept by him in all respects in conformity with the rules pertaining to the admissibility of a trader's shop-books. But if there was any error in admitting the books and statement as evidence of plaintiff's claim for his own services or for moneys advanced by him, such error was harmless, since as to that claim the judgment went against plaintiff. As to the four assigned claims, the books and the statement without question must be regarded as documents kept by the partnership, and, as admissions against the interest of the partnership, they must be held to be admissible in evidence against the partners, or either of them, regardless of their form or the manner in which they were made or kept. At the time when the entries were made none of these claims had been assigned to plaintiff. The assignments were not made until after the termination of the employment of the assignors. If, instead of assigning their claims to plaintiff, each of these assignors had brought an action in his or her own name against the partnership, or against the defendant here as the surviving partner, the books which plaintiff had kept for the firm as its employee and trusted agent, and the statement of credits which he had made in the course of his duties as ranch foreman, would have been admissible in favor of each of such laborers as admissions made by the partnership against its interests. The fact that these claims were assigned to plaintiff and that he is suing thereon does not make the documents any the less admissible. There is nothing to indicate that when plaintiff, as the agent of Sawyer & Alexander, made the entries in these documents he contemplated securing an assignment of the claims to himself. And even if he had had such assignments in mind at the times when he made the book entries and prepared the statement, that fact, we think, would have affected the weight of the documents as evidence rather than their admissibility.

For the foregoing reasons our conclusion is that no reversible error was committed in admitting in evidence the account-book, the three time-books, and the statement.

Appellant also complains of the admission in evidence of certain other exhibits, but as he has not seen fit to advise us of the reasons for his plaint we do not deem it necessary to consider it.

The bar of the statute of limitations cannot be invoked successfully. In the first place, the defense of the statute is not properly pleaded. The answer does not allege that any of the causes of action accrued more than the statutory period of time prior to the filing of the original complaint. No mention is made of that pleading in the answer, nor is there any reference to the date of the commencement of the action. The plea is couched in such language that it must be held to speak, not from the date of the original complaint, but from the time of the filing of the answer. (*Eno* v. *Diefendorf*, 102 N. Y. 720 [7 N. E. 798] ; *Smith* v. *Walker*, 1 Wash. (Va., 135.) As an attempt to plead the *facts* constituting the bar it is fatally insufficient under all the authorities. For an analogous case see *United States Fidelity etc. Co.* v. *Parker*, 20 Wyo. 29 [121 Pac. 531]. As an attempt to plead the statute in the manner permitted by section 458 of the Code of Civil Procedure the answer is so analogous to that which was held to be fatally defective in *Manning* v. *Dallas*, 73 Cal. 420 [15 Pac. 34], that it must be held to fall within the rule of that case. However, since the trial appears to have been conducted in the superior court upon the assumption on both sides that the statute was sufficiently pleaded, we shall consider the merits of appellant's contention that the evidence shows each claim to have been barred before the action was commenced.

As we have pointed out, plaintiff recovered upon four assigned claims—those of Mariana Arocena, Juan Arguedas, Antonio Etchebarren, and Juan Louissena. In suing as the assignee of Arguedas, Etchebarren, and Louissena, plaintiff, in each of three counts, sought to recover a balance due upon an open book-account. If the evidence shows that the claim of each of these three assignors was for a balance due on a mutual, open and current account, giving rise to reciprocal demands between Sawyer & Alexander on the one side and each of these three assignors on the other, then the bar of the statute was not available to appellant until the expiration of four years from the date of the last item in the account. (Code Civ. Proc., sec. 337, subd. 2, and sec.

344.) The action was commenced within that four-year period—at least we assume that it was from certain statements made in appellant's brief, although, as we have said, the original complaint nowhere appears in the record before us. It remains now to consider whether the claim of each of these three assignors is for a balance due on a mutual, open, and current account.

[4] Each of the three last-mentioned assignors performed services for the partnership. Each had agreed to work as a ranch hand for a certain agreed monthly wage. The services rendered by these men, the agreed monthly wages therefor, and the times when they worked were recorded in the books which plaintiff kept for his employers as their ranch foreman. Each of these three ranch hands was supplied by Sawyer & Alexander with certain articles of merchandise from time to time during the term of his employment. The charges for these articles were entered in the books kept for Sawyer & Alexander by plaintiff. The services of each of these three men continued over a long period of time. It is fairly inferable from the evidence that the amount, if any, which might ultimately be payable to each of these farm laborers was to be determined after the striking of a balance whereby the firm of Sawyer & Alexander would be properly credited for the items of merchandise. There were some cash payments made on account of the men's services; but there also were, on the credit side of the books, entries crediting the partnership with the merchandise which it supplied from time to time to each of these men. The charges for these articles of merchandise constituted credits on which demands could have been made and suits maintained by Sawyer & Alexander if their ranch hands had not rendered a consideration therefore in the form of continuous services performed by them as workmen on the ranch. In short, the accounts consisted of existing debits on the one side which were credits on the other. There was, we think, an implied understanding that these mutual debts should be satisfied or set off *pro tanto* between the parties. And it is a fair inference from all the evidence that it was the intention that the account with each of these three workmen should be permitted to run with a view to an ultimate adjustment by the payment of such balance as might be found to be due from the employer, Sawyer & Alexander, to each employee, or from the

latter to the former, as might prove to be the case. "Where a system of mutual dealing exists it implies that the parties have mutually consented that each item, in whosesoever favor it may be, shall not constitute an independent debt due immediately, to be paid or enforced at onee, but that the items occurring from time to time in favor of the respective parties shall operate as mutual setoffs, and that the shifting balance, when either or both shall call for it, shall be the debt." (17 R. C. L., p. 804.) Mutual accounts are made up of matters of setoff. The account is mutual if there be a mutual credit founded on a subsisting debt on the other side, or if there be an agreement, express or implied, for a setoff of mutual debts. Here the accounts, kept with these ranch hands by plaintiff for Sawyer & Alexander, possessed all of the elements necessary to constitute them "mutual, open and current" accounts within the meaning of the authorities. (*Norton* v. *Larco*, 30 Cal. 126 [89 Am. Dec. 70]; *Millet* v. *Bradbury*, 109 Cal. 170, 174 [41 Pac. 865]; *Mercantile Trust Co.* v. *Doe*, 26 Cal. App. 246, 253 [146 Pac. 692]; *Sugar Loaf O. G. Assn.* v. *Skewes*, 47 Cal. App. 470, 474 [190 Pac. 1076].) And since the action was commenced within four years from the date of the last item on each account, it follows that it was not barred as to any of the claims upon which plaintiff sues as the assignee of Juan Arguedas, Antonio Etchebarren, and Juan Louissena.

The claim which was assigned to plaintiff by Mariana Arocena differs from that of each of the other assignors in that no mutual, open, and current account was kept with her. The account which was kept with this woman shows no entries debiting her with merchandise. As to her claim the lower court, in accord with appellant's contention, ruled that subdivision 1 of section 339 of the Code of Civil Procedure governed, and that, therefore, the monthly wage earned by her under her oral contract to perform services as a cook for the hired hands was barred at the end of two years from and after each month's work. It accordingly was held that the wages earned by Mariana Arocena for seven and one-half months were barred by the statute, thus reducing by $225 the amount of her claim. Appellant has not seen fit to point out wherein, if at all, the amount adjudged to be due on this claim, after making the deduction aforesaid, is greater than it should be, and we therefore are

spared the pains of further consideration of the effect of the statute of limitations upon the claim assigned by this woman.

Our conclusion on this branch of the appeal is that the statute of limitations has not tolled any part of the amount for which plaintiff recovered judgment.

[5] Appellant cannot complain of the failure to make findings on the issues presented by counts 18 and 22, inclusive—the counts wherein it is alleged that a balance was struck and an account stated. By making findings upon all of the issues presented by counts 2 to 5, inclusive, 7 to 10, inclusive, and 13 to 16, inclusive, the trial court found upon all of the issues necessary to sustain the judgment as entered. Therefore, the fact that no findings were made upon entirely separate and distinct issues which might have been the basis of another and different judgment, but which, if found upon, could not have affected the judgment actually rendered, cannot justify a reversal. (*Hooker* v. *Thomas,* 86 Cal. 177 [24 Pac. 941].)

To avoid the effect of the statute of limitations plaintiff alleged in his complaint that appellant, the surviving partner of the firm of Sawyer & Alexander, was absent from the state of California at all times between November 1, 1911, and the commencement of the action. The trial court found that appellant was absent from the state at least one-half of the time from May 31, 1914, to May 31, 1918—the latter date being that when, as we understand it, the action was commenced. It now is claimed that the evidence is insufficient to support this finding. There is no merit in the claim. The most that can be said in favor of appellant is that the evidence is in substantial conflict on the subject. But under the oft-repeated rule that conflicts in the evidence are for the determination of the jury or of the trial court sitting without a jury, we cannot disturb the decision of the lower court.

[6] The fact that Alexander continued to be a resident of this state until the right of action against him on the partnership debt was barred does not affect the liability of the other partner—the defendant here—who, according to the findings of the trial court, was absent from the state at least one-half of the four-year period immediately preceding the commencement of the action. The statute of limitations is a defense peculiar to him who pleads it. It is a personal privilege of the debtor, to be asserted or waived at his

option. Its effect is not to satisfy the debt, but to bar the remedy. There is, therefore, no reason why the defense of the statute which permits the personal discharge of a partner who continues to reside in the state should be available to the one whose absence from the state has suspended the operation of the statute as to him. (*Harrison* v. *McCormick,* 122 Cal. 651, 653 [55 Pac. 592]; *Caswell* v. *Engelmann,* 31 Wis. 93; *Spaulding* v. *Ludlow Woolen Mill,* 36 Vt. 150, 158. See, also, *Denny* v. *Smith,* 18 N. Y. 567, and *Town* v. *Washburn,* 14 Minn. 268 [100 Am. Dec. 219].)

[7] The only other point worthy of mention is the question of interest. Appellant cannot complain of the trial court's allowance of interest on the claim assigned to plaintiff by Mariana Arocena, who worked on the ranch as a cook at an agreed wage of $30 a month. As we have pointed out, her claim was not based on any balance shown by a mutual, open, and current account. The obligation to pay her the agreed monthly wage became absolute at the end of each month. The amount was certain. The trial court allowed interest on the principal found to be due on her claim at the legal rate from the date of the determination of her employment. This was in appellant's favor, for it was less than Mariana Arocena, or rather plaintiff, as her assignee, was entitled to receive as interest.

[8] As to the question of interest on each of the three other assigned claims, the situation is unlike that presented by Mariana Arocena's claim. While each of these three other ranch hands worked for an agreed monthly wage, the amounts whereof appeared on the debit side of the books kept for the partnership by plaintiff as the ranch foreman, the moneys thus earned as wages were offset by cross-demands for merchandise furnished by Sawyer & Alexander from time to time during the mutual course of dealing between each of these claimants and the partnership. The account kept with each of these workmen appears to have been kept open, in contemplation of further dealings to be evidenced by future cross-entries. And even if we were to assume that the partnership or either member thereof would be concluded from questioning the accuracy of the cross-entries which represented the items of merchandise and their value, the workmen to whom the merchandise was supplied

from time to time most certainly would not be concluded by such entries. They did not make them, nor were they made by their agent. Our attention has not been called to any evidence tending to show that the charges for the merchandise, as shown by the book entries, were ever fixed by contract. These three ranch hands were, therefore, free to question the amount of each and every charge for merchandise—not alone the amount and character of the articles furnished, but also the value thereof as shown by the book entries. We think that in such a case section 1917 of the Civil Code applies, namely, that interest is payable only from the day on which the balance is ascertained. But the accounts were never settled and a balance was never ascertained by agreement of the parties. Indeed, the trial court declined to find that a balance was struck and an account stated, though that issue was directly tendered by four counts in the complaint. Instead of finding that an account was stated, the trial court found, in substance and effect, that each of these three assigned claims was the balance shown by an open book account. And, indeed, respondent himself, in order to avoid the bar of the statute of limitations, has argued that each of these three assigned claims is the balance shown by a mutual, open, and current account. Section 3287 of the Civil Code has no application to an action to recover upon an open account. (*Heald* v. *Hendy,* 89 Cal. 632 [27 Pac. 67].) Under section 1917, which is the section applicable here, the balance must be ascertained by agreement of the parties or by the judgment of the court, in order to bear interest. (*Easterbrook* v. *Farquharson,* 110 Cal. 311, 316 [42 Pac. 811]; *Erickson* v. *Stockton etc. R. R. Co.,* 148 Cal. 206 [82 Pac. 961]; *American-Hawaiian etc. Co.* v. *Butler,* 17 Cal. App. 764, 770 [121 Pac. 709].) As no balance was ever ascertained by agreement of the parties, it was error to award interest prior to the date of the entry of judgment on the assigned claims of Arguedas, Etchebarren, and Louissena. The amount thus improperly allowed as interest on these three claims is $630.63.

There are no other points worthy of consideration.

The judgment is modified by deducting therefrom the sum of $630.63. As so modified, the judgment is affirmed. The

appeal from the order denying the motion for a nonsuit and the appeal from the order denying a new trial are dismissed.

Works, J., and Craig, J., concurred.