[S. F. No. 12392. . Department Two.—September 1, 1928.]

KITT GOULD, Appellant, v. HELEN G. WOOD, as Executrix, etc., Respondent.

C. K. Bonestell and Frank Kauke for Appellant.

Johnson, Gibbs & Backlund for Respondent.

RICHARDS, J.—The plaintiff herein brought an action against the executrix of the estate of Robert E. L. Goode to recover upon a rejected claim upon an account for legal services of various sorts alleged to have been performed for and on account of the decedent during the years from 1914 to 1923, and aggregating the sum of $2,962.82, and which the plaintiff in his complaint alleges to have been an open, mutual, and current book account between plaintiff and said decedent because of the fact that during said years

the plaintiff from time to time purchased merchandise from said decedent aggregating the sum of $227.51, and which, when applied as an offset to the plaintiff's said account, left a balance due and unpaid to said plaintiff of $2,735.31. The plaintiff presented an itemized claim for this balance to the executrix of the estate of said decedent, who rejected the same, whereupon this action was commenced within the statutory period to recover judgment upon said claim. The defendant in her answer, for want of information and belief, denied the averments of the plaintiff's complaint with reference to the performance of said legal services and existence of said account or of any balance alleged to be due thereon; and for a further separate and distinct defense defendant pleaded that plaintiff's cause of action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. The question thus presented to the trial court was twofold: first, as to whether reciprocal accounts existed between the plaintiff and the decedent during the aforesaid years, and, second, whether, if such accounts existed, they amounted in law to such a mutual, open, and current account between the parties as would entitle the plaintiff to the benefit of the provisions of section 337 of the Code of Civil Procedure, which places a limitation of four years within which an action may be brought to recover a balance due upon a mutual, open, and current account. ■ As to the first of these issues the undisputed evidence shows that during the years above referred to the plaintiff was an attorney at law, practicing in the town of Clovis, and that during the years between 1914 and 1921 he performed legal services of various sorts for and on behalf of the decedent Robert E. L. Goode, of the detail of which services he kept a regular and itemized account; that during all of said period the decedent was a storekeeper in that region and that during said period the plaintiff from time to time purchased groceries and other goods at the decedent's store, the items of which were embraced in a book account kept by the latter and which aggregated the sum of $227.51. So far as the evidence discloses neither of the parties made payments of any consequence upon the accounts of the other. It appears, however, that during the lifetime of said Goode, and in the year 1920, an effort was made at an accounting and settlement between the parties,

in the course of which each in person or by their representatives examined the accounts of the other, and various propositions passed between them as to a settlement, which ran along for some time, but which were apparently interrupted before fulfillment by the death of Goode, which occurred on April 23, 1923. The plaintiff commenced this action upon his rejected claim on September 14, 1923. The trial court upon the foregoing evidence made a finding to the effect that the account between the said parties was not such as would constitute an open, mutual, and current account, and hence, as a conclusion of law, that the plaintiff's cause of action was barred as to all except the last two items thereof, aggregating the sum of $52.50, by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure. The plaintiff appealed from the judgment rendered and entered in his favor for the latter amount, and the only question presented upon his appeal is as to whether upon the foregoing undisputed facts the account sued upon amounted to an open, mutual, and current account within the meaning of that phrase as employed in sections 337 and 344 of the Code of Civil Procedure. We are satisfied that this question must be answered in the affirmative. [2] An examination into the origin of the aforesaid sections of the Code of Civil Procedure shows that as to the use of the phrase, "a mutual, open and current account" these sections of the code, and particularly this clause therein, were derived from the New York law as it existed in the revised statutes thereof long prior to its incorporation in the so-called Field Code of New York, which formed in substance the basis of our own Code of Civil Procedure adopted in 1872. The history of the New York legislation upon this subject is to be found in the case of *Green* v. *Disbrow,* 79 N. Y. 1 [35 Am. Rep. 496], from which it appears that a mutual, open, and current account arises between parties whenever, through a course of dealing, reciprocal demands exist which would give to each an offset against the other in an action by either. *Green* v. *Disbrow, supra,* became the leading case in New York, to which later decisions of the courts of that state referred with approval. In the case of *Miller* v. *Longshore,* 147 App. Div. 214 [131 N. Y. Supp. 1041], the principles laid down in the former decision were given application to a case wherein the plaintiff's testator was a miller and

furnished food and other supplies for use upon the farm of the defendant's testator, who was the family physician of the miller and who kept a running account of professional services rendered and medicines furnished for the miller and his family. It appeared that neither the miller nor the physician kept any account of the supplies furnished or services rendered by the other, but the court held this to be immaterial, and decided that the accounts between the parties, when taken together, amounted to a mutual, open, and current account within the intent and meaning of the statutes of New York as interpreted in the earlier decision. We are satisfied that no distinction in principle can be found between the foregoing cases and the case at bar, and that under the authority thereof the account upon which the plaintiff sues in this action must be held to have been a mutual, open, and current account. This being so, the trial court was in error in its finding to the contrary upon the undisputed facts of the case and its conclusion drawn from such finding, that the action of the plaintiff, except as to the two minor items above referred to, was barred by the statute of limitations.

The judgment is reversed.

Shenk, J., and Langdon J., concurred.