[Civ. No. 12896.   Second Dist., Div. Two.—June 4, 1941.]

W. G. SCHWINDT, Respondent, v. BILLIWHACK STOCK FARMS, LTD. (a Corporation), et al., Appellants.

E. Neal Ames for Appellants.

Henderson & Churchill for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover a sum due upon a mutual, open, and current account, defendants appeal.

The evidence being viewed most favorably to plaintiff (respondent), the essential facts are:

Plaintiff had been employed by the Valley Dairy Company in Los Angeles for a number of years at a salary of $275 per month. Defendant Fratkin was an officer of the Valley Dairy Company. The latter part of 1932 or the first part of 1933 plaintiff had a conversation with defendant Fratkin, president of defendant corporation, in which conversation Mr. Fratkin asked plaintiff if he would be willing to go to work for the defendant corporation in Ventura County. Plaintiff replied that he would, provided that he receive $275 per month salary, to which defendant Fratkin agreed. Thereafter plaintiff went to Ventura County and became the manager of defendant corporation.

On the first pay day defendant Fratkin handed plaintiff a check for $100 and stated, ''We are a little short of cash just now and I would like to just give you $200.00 a month for the

time being and I will give you the rest of it once in a while, the same as I did at the Valley Dairy." This procedure was followed, plaintiff, while he was in charge of the payroll checkbook of defendant company, making appropriate entries on the check stubs indicating that the $200 a month was being advanced on account of his salary. During the period of plaintiff's employment by defendants he purchased pigs, a saddle, lumber, tires, and milk from defendant corporation. A record was kept by defendant corporation of the milk which it furnished to plaintiff, appropriate entries being made in a record kept by defendant corporation, and from time to time there were entries made in the account by defendant corporation purporting to write it off. The last entry in defendant corporation's ledger account with plaintiff was dated September 30, 1938.

After plaintiff severed his connection with defendant corporation, he filed, October 2, 1939, the present action to recover the balance he claims to be due him on account of unpaid salary on a mutual, open, and current account.

Defendants urge for reversal of the judgment these propositions:

*First: There is no substantial evidence to sustain the trial court's finding that there was a mutual, open, and current account between plaintiff and defendants.*

*Second: Plaintiff's cause of action is barred by the statute of limitations (Code Civ. Proc., sec. 339).*

Defendants' first proposition is untenable and is governed by the following pertinent rules of law:

(1) A mutual, open, and current account arises whenever through a course of dealings reciprocal demands exist which would give to each party thereto an offset against the other in an action by either party, providing that items other than cash appear as credits upon the account (*Gould* v. *Wood,* 205 Cal. 141, 143 [270 Pac. 183] ; *Furlow P. B. Go.* v. *Balboa L. & W. Co.,* 186 Cal. 754, 763 [200 Pac. 625] ; see, also, 1 Cal. Jur. (1921) 147, sec. 8).

(2) For a mutual, open, and current account it is not necessary that the account be kept in any particular form, and it is immaterial which party keeps the account (*Carter* v. *Canty,* 181 Cal. 749, 754 [186 Pac. 346]), nor is it necessary that there be any written entry of the various charges on the account (*Millet* v. *Bradbury,* 109 Cal. 170, 173 [41 Pac. 865]).

■ (3) A mutual, open, and current account may arise from existing debits on the one side for wages and credits for merchandise furnished on the other, or *vice versa* (*Arocena* v. *Sawyer*, 60 Cal. App. 581, 589 [213 Pac. 523]).

■ (4) The offsetting demands in a mutual, open, and current account need not accrue simultaneously (*Arocena* v. *Sawyer, supra*, 583).

We find from an examination of the record that there is substantial evidence to sustain each and every fact set forth above. For example, plaintiff testified as to the facts pertaining to the amount of his salary and how it was to be paid. Written exhibits introduced in evidence contained entries showing that defendants charged plaintiff for merchandise sold him and credited him with sums due him on account of his salary. Hence, applying the above-stated rules of law to the facts of the instant case, we find that a mutual, open, and current account existed between the parties, because through a course of dealings between them reciprocal demands existed which gave to each an offset against the claim of the other, money entries pertaining to the account having been made by defendant corporation in its records showing that defendants' offset consisted of sums due for merchandise sold to plaintiff, while plaintiff's testimony disclosed that his demand was his unpaid wages.

■ Defendants' second proposition is likewise without merit. Actions on a mutual, open, and current account may be brought within four years from the time of the last item proved in the account on either side and section 337, subdivision 2 of the Code of Civil Procedure is applicable to such actions and not section 339 of the same code (*Norton* v. *Larco*, 30 Cal. 126, 129 [89 Am. Dec. 70]; *Furlow P. B. Co.* v. *Balboa L. & W. Co., supra*, 763). Hence, since the last item proved in the instant case in defendants' ledger account was dated September 30, 1938, and the present action was filed October 2, 1939, the statute of limitations had not run upon the alleged cause of action.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing was denied June 26, 1941, and appellants' petition for a hearing by the Supreme Court was denied July 30, 1941.